(Nos. 63804, 63807 cons.—

DENNIS M. KELLERMAN, Adm'r, Petitioner, v. BRIAN L. CROWE, Judge, *et al.*, Respondents.— TERESA JANUS, Indiv. and as Adm'r, Petitioner, v. BRIAN L. CROWE, Judge, *et al.*, Respondents.

*Opinion filed December 21, 1987.*

CUNNINGHAM, J., took no part.

Corboy & Demetrio, P.C., of Chicago (Philip H. Corboy, Terrence J. Lavin and David A. Novoselsky, of counsel), for petitioner Dennis M. Kellerman.

Leonard M. Ring and Associates, of Chicago (Leonard M. Ring and Leslie J. Rosen, of counsel), for petitioner Teresa Janus.

Richard M. Daley, State's Attorney, of Chicago (Joan S. Cherry, Deputy State's Attorney, and Philip H. Mitchell, Assistant State's Attorney, of counsel), for respondent Hon. Brian L. Crowe.

Clausen, Miller, Gorman, Caffrey & Witous, P.C., of Chicago (James T. Ferrini, Fredric J. Grossman, James W. Ozog and Lisa Marco Kouba, of counsel), for respondent Jewel Companies, Inc.

JUSTICE MILLER delivered the opinion of the court:

These consolidated actions, complaints for writs of mandamus, raise a common question concerning the finality of dismissal orders entered under section 2—621 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—621). That statute is applicable to product liability actions and permits a nonmanufacturer defendant, such as a retailer or other link in the distribution chain, to be dismissed from the proceedings once the product manufacturer has been identified and sued. The statute also provides that in certain circumstances a dismissal order may be vacated and a previously dismissed defendant reinstated. In the proceedings at issue here, the trial judge granted the motions of two retailer defendants for dismissal under section 2—621 and entered findings under Supreme Court Rule 304(a) (107 Ill. 2d R. 304(a)) purporting to make the dismissals immediately appealable. We granted the plaintiffs leave to file

their complaints for *mandamus* (107 Ill. 2d R. 381), and they argue here that the trial judge had no authority to make the orders appealable under Rule 304(a).

According to the complaints for *mandamus*, the plaintiffs' decedents died in 1982 as a result of ingesting cyanide-laced capsules of a product known as Extra-Strength Tylenol. The plaintiffs—Dennis M. Kellerman, John F. Eliason, Teresa Janus, and Tadeus Janus—then brought separate actions in the circuit court of Cook County against the product manufacturer, McNeilab, Inc., a division of Johnson & Johnson Company, and against the owners of the retail stores where the product had been purchased, Jewel Companies, Inc., and F. W. Woolworth Company. Jewel and Woolworth were originally dismissed under section 2—621, but in January 1986 the causes were transferred to a different circuit judge, the Honorable Brian M. Crowe, who initially granted the parties' motions for reconsideration on a number of issues. On May 2, 1986, Judge Crowe granted motions by Jewel and Woolworth for dismissal under section 2—621. At a later proceeding the two retailers asked that the dismissal orders be made immediately appealable under Supreme Court Rule 304(a), and Judge Crowe entered findings to that effect on June 12, 1986, in the Janus actions and on July 2 and 3, 1986, in the Kellerman and Eliason actions. The instant controversy arises from the Rule 304(a) findings.

Section 2—621 provides a method by which a nonmanufacturer may be dismissed from a product liability action at an early stage in the proceedings and therefore avoid incurring the costs that arise from defending such actions. The statute provides that a nonmanufacturer "shall upon answering or otherwise pleading file an affidavit certifying the correct identity of the manufacturer of the product allegedly causing injury, death or damage." (Ill. Rev. Stat. 1985, ch. 110, par. 2—621(a).) Once

the product manufacturer has been sued and has answered or otherwise pleaded, the trial court is to dismiss the certifying defendants. (Ill. Rev. Stat. 1985, ch. 110, par. 2—621(b).) A defendant is not to be dismissed from the action, however, if it shares some responsibility for the creation of the defect in the product or had actual knowledge of its existence. (Ill. Rev. Stat. 1985, ch. 110, par. 2—621(c).) Moreover, when an action against the product manufacturer would be impossible or unavailing, the plaintiff may at any time move for reinstatement of a previously dismissed defendant. Thus, section 2—621(b) provides that on motion of the plaintiff a dismissal order may be vacated if an action against the product manufacturer is time-barred, if the incorrect manufacturer was certified by the defendant, if the manufacturer no longer exists, is not subject to jurisdiction in the State, or is not amenable to process, or if the manufacturer would not be able to satisfy a judgment or settlement. Ill. Rev. Stat. 1985, ch. 110, par. 2—621(b).

In the actions here, defendants Jewel and Woolworth certified the identity of the product manufacturer and moved for dismissal under section 2—621. The trial judge granted the motions and, at the request of those defendants, entered special findings under Supreme Court Rule 304(a) (107 Ill. 2d R. 304(a)) to the effect that there was no just reason to delay enforcement or appeal of the orders. The plaintiffs contend that the trial judge had no discretion in these cases to make Rule 304(a) findings. The basis for the plaintiffs' argument appears to be not so much that the dismissal orders were nonfinal—which would make Rule 304(a) inapplicable—but that the findings were unnecessary here and served only to encourage the prosecution of piecemeal appeals.

Supreme Court Rule 304(a) provides:

"If multiple parties or multiple claims for relief are involved in an action, an appeal may be taken from a final

judgment as to one or more but fewer than all of the parties or claims only if the trial court has made an express written finding that there is no just reason for delaying enforcement or appeal. Such a finding may be made at the time of the entry of the judgment or thereafter on the court's own motion or on motion of any party. The time for filing the notice of appeal shall run from the entry of the required finding. In the absence of such a finding, any judgment that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before the entry of a judgment adjudicating all the claims, rights, and liabilities of all the parties." 107 Ill. 2d R. 304(a).

By its terms, Rule 304(a) applies only to final judgments or orders; the special finding contemplated by the rule will make a final order appealable, but it can have no effect on a nonfinal order. (See *Crane Paper Stock Co. v. Chicago & Northwestern Ry. Co.* (1976), 63 Ill. 2d 61, 66-67; Ill. Ann. Stat., ch. 110A, par. 304, Historical and Practice Notes, at 164 (Smith-Hurd 1985).) If the orders entered here by the trial judge in granting the retailers' motions for dismissal under section 2—621 were not final, then the special finding under Rule 304(a) was to no purpose and did not make them appealable.

We do not believe that an order granting a defendant's motion for dismissal under section 2—621 should be deemed final. "To be final and appealable, a judgment or order must terminate the litigation between the parties on the merits of the cause, so that, if affirmed, the trial court has only to proceed with execution of the judgment. [Citations.] While the order need not dispose of all the issues presented by the pleadings, it must be final in the sense that it disposes of the rights of the parties, either upon the entire controversy or upon some definite and separate part thereof. [Citations.]" (*Village of Niles v. Szczesny* (1958), 13 Ill. 2d 45, 48.) A dismissal

under section 2—621 does not dispose of the rights of the parties. Rather, the statute clearly contemplates the possibility of further action, for section 2—621(b) provides that in the prescribed circumstances—if an incorrect manufacturer was certified, or if the manufacturer cannot be sued or if an action against it will be unavailing—the plaintiff may move at any time for the reinstatement of a defendant who was previously dismissed under the statute.

Under the rule as it developed at common law, each entity in the distribution chain may be liable in a product liability action. (*Hammond v. North American Asbestos Corp.* (1983), 97 Ill. 2d 195, 206; *Suvada v. White Motor Co.* (1965), 32 Ill. 2d 612, 617.) Although section 2—621 expressly states that its provisions are not intended "to affect the right of any person to seek and obtain indemnity or contribution" (Ill. Rev. Stat. 1985, ch. 110, par. 2—621(d)), the statute provides a means by which certain defendants may avoid the costs of defending a product liability action once the manufacturer has been made a party. The benefit provided by the statute is not necessarily permanent, however, for under the circumstances enumerated in section 2—621(b) a dismissed defendant may later be reinstated. To accept the defendants' argument that a dismissal order is final and therefore susceptible to a Rule 304(a) finding, making it immediately appealable, would severely limit the cases in which a plaintiff could later win the reinstatement of a previously dismissed defendant. Indeed, a plaintiff's rights under the statute would remain intact only if the dismissal were vacated in the 30-day period following entry of the Rule 304(a) finding or if the order happened to be reversed in the ensuing appeal. Thus, to adopt the defendants' reading of the statute would enlarge considerably the limited benefit it was meant to provide to nonmanufacturers.

The defendants suggest that the reinstatement provisions of section 2—621(b) constitute a procedural remedy for escaping the effect of a final order, akin to that provided by section 2—1401 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—1401). The differences between the two statutes, however, illustrate why a section 2—621 dismissal should not be considered a final order. Proceedings under section 2—1401 are separate actions, and the broad purpose of that provision is "to allow the correction of errors which occurred during trial which were unknown to both the court and the parties and which would have changed the disposition of the case if known. [Citation.]" (*People ex rel. Carey v. Bentivenga* (1981), 83 Ill. 2d 537, 541.) An order granting or denying relief under section 2—1401 is a final order and, when it falls within the ambit of Rule 304, is appealable without the special finding normally required by Rule 304(a). (107 Ill. 2d R. 304(b)(3).) Section 2—621(b) operates in a different manner. It is not intended to correct errors in a separate action, but rather allows a plaintiff to have reinstated to a pending product liability action a previously dismissed defendant, once it appears that an action against the product manufacturer is unavailable or will be fruitless.

The defendants contend that appellate review of dismissals entered in violation of section 2—621(c) will be delayed if the dismissal order is not considered to be final, and they fear that multiple, duplicative trials could therefore become necessary in those cases in which the dismissal of a defendant is later reversed on appeal. The defendants note too that in *Miller v. Dvornik* (1986), 149 Ill. App. 3d 883, the appellate court considered the merits of a section 2—621 dismissal, which the trial judge had purported to make immediately appealable with a Rule 304(a) finding; no question was raised in that case regarding the finality of the dismissal order.

Although the defendants' concern is legitimate, it does not undermine our conclusion that a section 2—621 dismissal is not itself a final order. If a dismissal order, considered final, is affirmed on appeal, then the plaintiff will still be unable to have that defendant reinstated under section 2—621(b) in the event those grounds later became available. It may be that an interlocutory appeal by permission, maintained under Rule 308 (107 Ill. 2d R. 308), would be available for review of a plaintiff's argument that a dismissal was erroneous under section 2—621(c); we do not consider here the propriety of that relief.

It remains to be determined whether *mandamus* is appropriate or even necessary in these cases. In the underlying actions, the plaintiffs filed notices of appeal following the trial judge's entry of the Rule 304(a) findings purporting to make the dismissal orders immediately appealable. *Mandamus* is not a substitute for appeal (*Baker v. Department of Corrections* (1985), 106 Ill. 2d 100, 106; *International Harvester Co. v. Goldenhersh* (1981), 86 Ill. 2d 366, 373), and the plaintiffs could perhaps be left to the expedient of arguing in the appellate court for the dismissal of their appeals on the same grounds that are relied on here. For those reasons, we do not believe that *mandamus* is the appropriate remedy here, but in the interests of judicial economy and for the reasons stated, in the exercise of our supervisory authority we direct the expungement of the Rule 304(a) findings made with respect to the dismissal orders entered in the underlying actions.

*Writs denied;*
*supervisory orders entered.*

JUSTICE CUNNINGHAM took no part in the consideration or decision of this case.