VIJUK BINDERY EQUIPMENT, INC., Plaintiff-Appellant, v. TRANS-CONEX, INC., Defendant-Appellee.

Second District   No. 2—87—1121

Opinion filed June 29, 1988.

Timothy C. O'Brien, of Daniels & Sheen, of Elmhurst, for appellant.

Margaret Muller Wilson, of Steven C. Weiss & Associates, of Chicago, for appellee.

JUSTICE REINHARD delivered the opinion of the court:

Plaintiff, Vijuk Bindery Equipment, Inc., filed a one-count complaint seeking money damages of $4,035 from defendant, Transconex, Inc., a licensed nonvessel operating common carrier (NVOCC), for damage to certain paper products allegedly incurred during transit. Plaintiff has appealed from the trial court's order granting partial summary judgment in favor of defendant on the issue of the validity of a limitation of liability clause.

The sole issue raised on appeal is whether the trial court properly entered summary judgment on the validity of the limitation of liability clause.

Plaintiff filed this action to recover damages that it allegedly incurred when certain paper products were damaged in transit. The goods were shipped to plaintiff by Ramallo Brothers Printing, Inc., from Hato Rey, Puerto Rico. As an NVOCC, defendant consolidates numerous small shipments and tenders them to a vessel for transportation.

Defendant's contract with Ramallo Brothers provided that, unless a greater value was declared at the time of shipment, defendant's liability would be limited to $50. Defendant would be liable for a greater amount if the shipper declared a higher value at the time of shipment and paid an additional 1% of the declared value, which Ramallo Brothers did not do.

Following the filing of plaintiff's complaint, defendant filed a verified answer in which it, among other things, raised the defense that a limitation of liability clause contained in a bill of lading contract applied to plaintiff and, therefore, liability in this case was limited to $50.

Defendant moved for partial summary judgment on the issue of the applicability of the limitation of liability clause. The court granted defendant's motion. The court's written order stated that plaintiff's damages were limited to $50, although the court made no finding of liability on the part of defendant. The order also states that it "is a final and appealable order." Plaintiff thereafter filed its notice of appeal. An order was subsequently entered providing that the "cause has been stayed pending a decision in an interlocutory appeal."

Although neither party raises the issue of our jurisdiction to hear this appeal, we have an obligation *sua sponte* to consider jurisdiction. (See *Ferguson v. Riverside Medical Center* (1985), 111 Ill. 2d 436, 440, 490 N.E.2d 1252; *Archer Daniels Midland Co. v. Barth* (1984), 103 Ill. 2d 536, 539, 470 N.E.2d 290.) This court only has jurisdiction to hear appeals from final orders of the circuit court (see 107 Ill. 2d R. 301), except under certain limited exceptions (see 107 Ill. 2d Rules 306, 307, 308) which are not applicable here. Further, Rule 304(a) provides that, in the case of multiple parties or claims, an appeal may be taken from a final judgment as to one or more, but fewer than all, of the parties or claims if the trial court makes an express written finding that there is no just reason for delaying enforcement or appeal. (107 Ill. 2d R. 304(a).) Nevertheless, even under Rule 304(a), the judgment must be final as to the disposition of the particular party or claim.

■ A judgment or order is final and appealable if it terminates the litigation between the parties on the merits of the cause, so that,

if affirmed, the trial court need only execute the judgment. (*Kellerman v. Crowe* (1987), 119 Ill. 2d 111, 115, 518 N.E.2d 116.) Even though an order need not dispose of all the issues presented by the pleadings, it must be final in that it disposes of the rights of the parties, either upon the entire controversy or upon some definite and separate part thereof. 119 Ill. 2d at 115, 518 N.E.2d at 118.

■■ In the present case, defendant raised the issue of the validity of the limitation of liability clause in its verified answer. This was a defense which, in effect, limited the potential damages which could be recovered by plaintiff. It, in essence, introduced into the case another issue regarding the limitation of defendant's liability for damages for the claim set forth in plaintiff's complaint. In granting partial summary judgment on this issue, the trial court ruled, as a matter of law, that plaintiff could potentially recover a maximum of only $50 in this case. The order did not, however, dispose of the issue of liability or the issue of damages to the extent that damages could be assessed anywhere between $0 and $50. The order granting partial summary judgment on the issue did not terminate the litigation, nor did it dispose of the rights of the parties, and, therefore, it is a nonfinal order. (See *Harold Butler Enterprises No. 662, Inc. v. Underwriters at Lloyds, London* (1981), 100 Ill. App. 3d 681, 686, 427 N.E.2d 312.) While a defendant may move for partial summary judgment as to part of the relief sought against him (Ill. Rev. Stat. 1987, ch. 110, par. 2—1005(b)) and major issues may now be decided by partial summary judgment (Ill. Rev. Stat. 1987, ch. 110, par. 2—1005(d)), this procedure does not determine the appealability of such orders, which is governed by the applicable supreme court rules.

We note also that this order does not meet the requisites of Supreme Court Rule 304(a) simply because the trial court included language that the order was final and appealable. Rule 304(a) applies only to multiple parties or multiple claims, neither of which is present in this case. Furthermore, Rule 304(a) requires a final order as to one of the claims or parties which, as discussed earlier, is not present here.

Accordingly, the order granting partial summary judgment was not appealable.

The appeal is dismissed.

Dismissed.

DUNN and INGLIS, JJ., concur.