*In re* MARRIAGE OF MARK JOHNSON, Petitioner-Appellee, and ANNE MARIE JOHNSON, n/k/a Anne Nadler, Respondent-Appellant.

Second District   No. 2—88—1261

Opinion filed August 18, 1989.

Bruce A. Brown and Fred T. Myers, both of Goldsmith, Thelin, Schiller & Dickson, of Aurora, for appellant.

Gilbert X. Drendel, Jr., and Susan B. Tatnall, both of Drendel, Schanlaber, Horwitz & Tatnall, of Aurora, for appellee.

JUSTICE NASH delivered the opinion of the court:

Respondent, Anne Marie Johnson, n/k/a Anne Marie Nadler (Anne), appeals from an order of the circuit court dismissing her petition to modify the joint-parenting agreement entered into by Anne and petitioner, Mark Johnson (Mark). Anne raises two issues on appeal: (1) whether the two-year requirement of section 610(a) of the Illinois Marriage and Dissolution of Marriage Act (Dissolution Act) (Ill. Rev. Stat. 1987, ch. 40, par. 610(a)) is applicable to a joint-parenting agreement entered pursuant to section 602.1 of the Dissolution Act (Ill. Rev. Stat. 1987, ch. 40, par. 602.1); and (2) even if section 610(a) is applicable, whether the joint-parenting agreement served to waive the affidavit requirement of section 610(a).

Anne and Mark's marriage was dissolved on June 29, 1987. The court incorporated a joint-parenting agreement into the judgment of

dissolution under the terms of which the parties were awarded joint custody, with Mark being the primary custodian of the two children. Anne was awarded "possession" of the children according to a framework set out by the parties.

On November 10, 1988, Anne filed a petition to modify the agreement, alleging that at the time judgment was entered on the agreement, she was working approximately 60 hours per week and was unable to spend much time with the children. Anne further alleged that the agreement designated Mark the primary custodian because of Anne's work schedule. Since the date when the judgment was entered, Anne had remarried and quit her job, and at the time the petition was filed she was not working and had more time to spend with the children.

Anne asserted that the parties had modified the original agreement by setting up an arrangement whereby the children lived with Anne one week, and with Mark the following week. This plan of alternating weeks with the children ended when, in September 1988, Mark unilaterally and without agreement from Anne reinstated the original agreement. Anne requested that the court modify the agreement to provide that Anne would be the primary custodian of the children.

In response to the petition, Mark filed a motion to dismiss the petition and a petition to enforce the agreement and judgment. The essence of Mark's motion to dismiss was that Anne's petition to modify was filed within two years of the entry of the judgment and did not include affidavits alleging that the children's physical, mental, or emotional health was in danger.

The court granted Mark's motion to dismiss the petition on the basis that it had been filed within two years of the judgment and lacked affidavits, as required by section 610(a) (Ill. Rev. Stat. 1987, ch. 40, par. 610(a)). The court entered an order that stated "there is no just reason for delaying enforcement or appeal of this order," but also continued the proceedings, giving petitioner leave to refile the petition with affidavits. On the basis of the order that there was no just reason to delay enforcement or appeal of the order, Anne filed this appeal.

In her jurisdictional statement, Anne states that this court's jurisdiction is based on the finding of the trial court that no just reason existed to delay enforcement or appeal of the order, pursuant to Supreme Court Rule 304(a) (107 Ill. 2d R. 304(a)). Although the parties have not raised the issue, it is the responsibility of the reviewing court to determine if it has jurisdiction. See *Ferguson v. Riverside Medical Center* (1985), 111 Ill. 2d 436, 440, 490 N.E.2d 1252, 1253.

Rule 304(a) provides that when there is a final judgment as to less than all parties or claims, an appeal may be taken if the trial court makes the requisite finding in writing. (107 Ill. 2d 304(a).) However, inclusion of the "magic language" does not by itself make an interlocutory order appealable. (See *In re Marriage of Leopando* (1983), 96 Ill. 2d 114, 120, 449 N.E.2d 137, 140.) The Illinois Supreme Court in *Leopando* held that a petition for dissolution of marriage advances a single claim, and all ancillary issues are related to that claim. (*Leopando*, 96 Ill. 2d at 119, 449 N.E.2d at 140.) The court, in *In re Custody of Purdy* (1986), 112 Ill. 2d 1, 490 N.E.2d 1278, ruled that the *Leopando* holding does not apply to post-dissolution proceedings, stating that the order at issue there was appealable because it disposed of all related claims. *Purdy*, 112 Ill. 2d at 5, 490 N.E.2d at 1279-80.

An order is final and appealable if it terminates the litigation between the parties on the merits so that, if affirmed, the trial court need only execute the judgment. (*Kellerman v. Crowe* (1987), 119 Ill. 2d 111, 115, 518 N.E.2d 116, 118.) If an order does not dispose of all the issues, it is final and appealable only if it disposes of the rights of the parties either on the entire controversy or on some separate part of it. (*Kellerman*, 119 Ill. 2d at 115, 518 N.E.2d at 118.) If the order in the present case is interlocutory, it may only be appealed pursuant to Rule 306(a)(1)(v). 107 Ill. 2d R. 306(a)(1)(v); *Leopando*, 96 Ill. 2d at 120, 449 N.E.2d at 140; *In re Marriage of Kitchen* (1984), 126 Ill. App. 3d 192, 195, 467 N.E.2d 344, 347.

The order in this case is neither final nor appealable for two reasons. First, it is not final because the court advised respondent's counsel that he could refile the dismissed petition with affidavits. An order dismissing a pleading is not final unless it is entered with prejudice. (*Bundy v. Church League* (1984), 125 Ill. App. 3d 800, 803, 466 N.E.2d 681, 684.) In addition, the order did not dismiss the petition on the merits, but because no affidavits were attached and the petition was filed within two years of the judgment of dissolution. Second, the order did not dispose of all related claims and issues. Although the order did not specify why the matter was continued, the court had yet to rule on petitioner's other petition to enforce the original custody judgment. Had the court denied the petition to enforce, any modification by the parties would have *de facto* governed. If the court had granted the petition to enforce, respondent would have been able to appeal that order along with the order dismissing her petition. Thus, this court lacks jurisdiction to hear the appeal.

Even if we had jurisdiction, this appeal should also be dis-

missed because the issue is moot. An appeal is moot when there is " 'no real present question involving actual interests and rights.' " (*People ex rel. Bernardi v. City of Highland Park* (1988), 121 Ill. 2d 1, 8, 520 N.E.2d 316, 319, quoting *Chicago City Bank & Trust Co. v. Board of Education* (1944), 386 Ill. 508, 520, 54 N.E.2d 498.) The judgment of dissolution of marriage was entered on June 29, 1987, and two years from that date is June 29, 1989. Since more than two years have passed, section 610(a) will no longer apply, and respondent may petition for modification of the custody order based on a change of circumstances pursuant to section 610(b) (Ill. Rev. Stat. 1987, ch. 40, par. 610(b)). Consequently, the question of whether section 610(a) applies to the joint-parenting agreement is moot in this case.

Accordingly, the appeal will be dismissed.

Appeal dismissed.

McLAREN and REINHARD, JJ., concur.