THE HARTFORD FIRE INSURANCE COMPANY *et al.*, as Subrogees, *et al.*, Plaintiffs-Appellants, v. ARCHITECTURAL MANAGEMENT, INC., *et al.*, Defendants-Appellees.

First District (6th Division)   No. 1—88—1034

Opinion filed January 19, 1990.—Rehearing denied February 27, 1990.

Johnson, Cusack & Bell, Ltd., of Chicago (Paul J. Wisner and Michael R. Booden, of counsel), for appellants.

Heineke, Burke, Healy & Bodach, of Chicago (John C. Healy and Robert C. Farrar, of counsel), for appellees.

PRESIDING JUSTICE LaPORTA delivered the opinion of the court:

This action was brought by plaintiffs, Hartford Fire Insurance Company and Home Insurance Company of Illinois, as subrogees of Valley View Community School District No. 364U, to recover damages as a result of a fire at the Oak View School on January 1, 1980. On the date of the fire, defendant, Certified Security Systems, Inc., maintained a fire-alarm receiving panel which it had connected between the school and the fire department in Bolingbrook, Illinois. Plaintiffs alleged that by this defendant's negligence or by the failure of its equipment, or both, there was a delay in the communication of the fire alarm to the Bolingbrook fire department. Plaintiffs asserted further that the delay in the arrival of the fire department greatly ag-

gravated the damages caused by the fire. Defendant Certified Security Systems, Inc., brought a motion for summary judgment based upon a liquidated damages provision contained in its contract with plaintiffs' subrogor. The trial court granted defendant's motion, entered judgment in favor of plaintiffs and against this defendant in the sum of $90, and denied plaintiffs' motion for reconsideration. Plaintiffs appeal this judgment.

Plaintiffs' complaint alleged that defendant negligently installed and maintained the fire-alarm system connected to the Oak View School, that defendant breached the obligations imposed under its contract with plaintiffs' subrogor, and that defendant's connecting and monitoring equipment was not reasonably suited for its intended use. In its answer to the complaint, defendant denied the plaintiffs' allegations of negligence, breach of contract, and product liability. In addition, defendant asserted paragraphs 16, 17, and 18 of the contract as affirmative defenses to plaintiffs' claims.

Paragraph 16 of the contract provided that defendant was not an insurer, and in case defendant failed to perform the agreed-upon services and a loss resulted, defendant's liability would be limited to six times the monthly connection fee as liquidated damages. Paragraphs 3 and 6 of the contract stated that plaintiffs' subrogor was to pay defendant a monthly fee of $15 for the connection to the receiving panel as well as an installation fee of $140. Defendant argued that its liquidated damages were, therefore, limited to $90 under the language contained in paragraph 16. Paragraph 17 provided for an express indemnity clause in favor of defendant, and paragraph 18 included language whereby plaintiffs' subrogor agreed to hold defendant harmless from any and all claims caused by any hazard covered by insurance on the plaintiffs' premises. The contract also provided that defendant was not responsible for the maintenance of the previously installed alarm system at the school. Under the terms of the contract, defendant was obligated only to connect the school's alarm system to the receiving panel at the Bolingbrook fire department and to maintain the receiving panel. The contract further stated that the signals transmitted through the alarm system were to be monitored by the municipal fire department and that defendant assumed no responsibility for the manner in which such signals were monitored or the response, if any, to such signals. Defendant's answer sought dismissal of the plaintiffs' complaint.

Thereafter, defendant filed a motion for summary judgment requesting entry of an order that its liability to plaintiffs was equal to liquidated damages of $90 as specified in the contract. In response,

plaintiffs' subrogor stated that defendant's motion sought summary judgment on the issue of damages but not on the issue of liability and claimed that the liquidated damages provision was unenforceable due to a disparity of bargaining power between defendant and plaintiffs' subrogor. Plaintiffs argued that their subrogor had no bargaining power, citing a Bolingbrook ordinance which required that the school's fire-alarm system be connected to the alarm monitoring equipment at the fire department. Because the only receiving panel at the fire station was defendant's, plaintiffs claimed that their subrogor was obligated to contract with defendant and had no bargaining power in the transaction. Defendant's reply alleged that there was no disparity of bargaining power because plaintiffs' subrogor could have contracted with other service providers.

After a hearing, the trial court granted defendant's motion for summary judgment. The court's order provided that "[defendant's] liquidated damages [were] $90" according to defendant's contract with plaintiffs' subrogor. The order also included a finding under Rule 304(a) (107 Ill. 2d R. 304(a)) that there was no just reason to delay its enforcement or appeal. Plaintiffs subsequently filed a motion for reconsideration which was denied by the circuit court.

On appeal, plaintiffs contend that the trial court erred in granting defendant summary judgment on the liquidated damages provision contained in the contract with plaintiffs' subrogor.

Defendant claims that the trial court's order granting summary judgment was proper, but also asserts that this court lacks jurisdiction to hear this appeal. Defendant contends that because the trial court's order decided only the issue of damages, it did not terminate the controversy between the parties and was not final and appealable.

■ We initially consider defendant's contention that this court lacks jurisdiction over this matter. The appellate court generally has jurisdiction to review only orders or judgments which are final (107 Ill. 2d R. 301; *Flores v. Dugan* (1982), 91 Ill. 2d 108, 435 N.E.2d 480), and Supreme Court Rule 304(a) provides that, in the case of multiple parties or claims, an appeal may be taken from a final judgment as to one or more, but fewer than all, of the parties or claims if the trial court makes an express written finding that there is no just reason for delaying its enforcement or appeal (107 Ill. 2d R. 304(a)). The fact that an order contains that language does not, however, make an otherwise nonfinal order appealable. *Kellerman v. Crowe* (1987), 119 Ill. 2d 111, 115, 518 N.E.2d 116, 118; *Vijuk Bindery Equipment, Inc. v. Transconex, Inc.* (1988), 171 Ill. App. 3d 408, 410, 525 N.E.2d 593, 594.

To be final and appealable, a judgment must terminate the litigation between the parties on the merits of the cause so that, if affirmed, the trial court need only execute the judgment. (*Kellerman*, 119 Ill. 2d at 115, 518 N.E.2d at 118.) Even though an order need not dispose of all the issues presented by the pleadings to be appealable, it must be final in that it disposes of the rights of the parties, either upon the entire controversy or upon some definite and separate part thereof. *Kellerman*, 119 Ill. 2d at 115, 518 N.E.2d at 118.

■ In the case at bar, the defendant's motion for summary judgment sought entry of an order holding that its liability to plaintiffs was equal to liquidated damages of $90 in accordance with paragraph 16 of the contract with plaintiffs' subrogor. After the hearing on the motion, the trial court found that there was no genuine issue of material fact, granted defendant's motion for summary judgment, and held that plaintiffs were entitled to liquidated damages of $90 in accordance with the defendant's agreement with plaintiff's subrogor. The court also held that the order was final with no just reason to delay its enforcement or appeal.

Relying on *Vijuk Bindery Equipment, Inc. v. Transconex, Inc.* (1988), 171 Ill. App. 3d 408, 525 N.E.2d 593, defendant contends that the trial court's order was not final and appealable because it decided only the issue of damages and not the issue of liability. We find that the trial court's order was final and appealable.

In the instant case, the trial court granted defendant's motion for summary judgment which requested entry of an order that its liability to plaintiffs be equal to liquidated damages of $90. Contrary to defendant's claim, the order reflects that, in fact, the trial court decided the issue of liability and did so in favor of plaintiffs. The court also determined that defendant's liability to plaintiffs was equal to liquidated damages of $90. Thus, the order was final in that it disposed of the rights of these two parties and terminated the litigation between them.

In addition, we find the instant facts to be quite different from those in the *Vijuk Bindery* case. In that case, the defendant moved for partial summary judgment on the issue of the validity of a limitation of liability clause. In granting partial summary judgment, the trial court ruled, as a matter of law, that the plaintiff could potentially recover a maximum of $50. (*Vijuk Bindery*, 171 Ill. App. 3d at 410, 525 N.E.2d at 594.) The trial court did not dispose of the issue of liability or the issue of damages to the extent that damages could have been assessed at any amount less than or equal to $50. (*Vijuk Bindery*, 171 Ill. App. 3d at 410, 525 N.E.2d at 594.) Thus, the court

merely entered an order which determined the validity of a contract provision, but did not decide the rights of the parties to the litigation.

In the case at bar, the trial court's order granted defendant's motion for summary judgment and ordered that plaintiffs receive the amount of the liquidated damages provided in the contract between defendant and plaintiffs' subrogor. Consequently, the court's order did determine the rights of the parties to the litigation and was final and appealable.

Having concluded that we have jurisdiction over this matter, we now address the issues raised by the parties.

Plaintiffs assert that the trial court should have found the liquidated damages provision invalid. We disagree.

■ Questions of contractual validity or interpretation are matters of law for the court to decide. (*Northern Illinois Construction Co. v. Zale* (1985), 136 Ill. App. 3d 822, 824, 483 N.E.2d 1013, 1015.) In general, Illinois courts give effect to liquidated damage provisions if the parties have expressed their agreement in clear and explicit terms and there is no evidence of fraud or unconscionable oppression, a legislative directive to the contrary, or a special social relationship between the parties of a semipublic nature. *Purolator Security, Inc. v. Wells Fargo Alarm Service* (1986), 141 Ill. App. 3d 1106, 1112, 491 N.E.2d 161, 164; *First Financial Insurance Co. v. Purolator Security, Inc.* (1979), 69 Ill. App. 3d 413, 417-18, 388 N.E.2d 17, 20-21; *Pick Fisheries, Inc. v. Burns Electronic Security Services, Inc.* (1976), 35 Ill. App. 3d 467, 471-72, 342 N.E.2d 105, 108.

■ ■ In the instant case, the liquidated damage provision was clear and explicit, limiting defendant's liability to six times the monthly fee. Moreover, there was no evidence of fraud, and there was no legislative directive to the contrary.

Plaintiffs assert that the liquidated damage provision should be held invalid, arguing that the relationship between defendant and plaintiff's subrogor was of a special semipublic nature. This argument has previously been rejected by this court, and we find no reason to depart from our prior decisions. *Purolator Security, Inc. v. Wells Fargo Alarm Service*, 141 Ill. App. 3d at 1112, 491 N.E.2d at 164-65; *Pick Fisheries*, 35 Ill. App. 3d at 474, 342 N.E.2d at 109-10.

Plaintiffs also contend that the liquidated damage provision is unconscionable due to the disparity in bargaining power between defendant and plaintiffs' subrogor. Although the fact that one party had limited bargaining power may affect a court's interpretation of contractual provision, the relative bargaining power of parties to a contract is only one factor to be considered in determining whether

the enforcement of a liquidated damage provision would be unconscionable. *First Financial Insurance Co.*, 69 Ill. App. 3d at 419, 388 N.E.2d at 21-22.

An unconscionable bargain is one which no person in his senses would make and which no fair and honest person would accept. (*First Financial Insurance Co.*, 69 Ill. App. 3d at 419, 388 N.E.2d at 22.) The term unconscionable encompasses the absence of meaningful choice by one of the parties as well as contract terms which are unreasonably favorable to the other party. *First Financial Insurance Co.*, 69 Ill. App. 3d at 419, 388 N.E.2d at 22.

Despite any disparity in bargaining power between the defendant and plaintiffs' subrogor in the instant case, we do not believe that the contract can be characterized as unconscionable. The liquidated damage provision was clear and explicit and limited defendant's liability to six times the monthly fee. The record reflects that defendant had not provided the original fire-alarm system previously installed at the school. The contract clearly provided that defendant was not responsible for the maintenance of the previously installed system at the school.

The contract also stated that the receiving panel was to be monitored by fire department personnel and not by defendant or its agents. Defendant did not warrant that the existing alarm system would function properly or that the fire department would respond to an alarm in a timely manner. All defendant agreed to provide was a connection to the panel at the Bolingbrook fire station in exchange for an installation fee of $140 and a monthly fee of $15. The monthly fee of $15 merely ensured that the school's alarm system was connected to the receiving panel at the fire department and that the receiving panel was in good working order.

The record reveals that defendant agreed to provide a connection from the school to the receiving panel for a monthly fee of $15 and sought to limit its liability under the contract to $90. There has been no showing that this was a bargain which no person in his senses would make and which no fair and honest person would accept, or that there was an absence of meaningful choice by one of the parties as well as contract terms which were unreasonably favorable to the other party. (*First Financial Insurance Co.*, 69 Ill. App. 3d at 419, 388 N.E.2d at 22.) Based upon the record before us, we cannot say that it would be unconscionable to enforce the liquidated damage provision limiting defendant's liability to $90.

In evaluating liquidated damage provisions, courts must balance the interest in compensating individuals for their injuries and requir-

ing tortfeasors to pay the damages which their conduct has caused against the interest in freedom of contract, including the freedom of parties to a contract to allocate risk of loss. (*The Hartford v. Burns International Security Services* (1988), 172 Ill. App. 3d 184, 189-90, 526 N.E.2d 463, 466; *Bastian v. Wausau Homes, Inc.* (N.D. Ill. 1986), 635 F. Supp. 201, 203.) In striking this balance, we find that the liquidated damage provision at issue here was not unconscionable, and the parties were free to allocate their risk of loss as they saw fit. *Hartford v. Burns International*, 172 Ill. App. 3d at 190, 526 N.E.2d at 466.

For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

Affirmed.

McNAMARA and EGAN, JJ., concur.