NOTICE

Decision filed 12/01/10. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

NO. 5-10-0066

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | | |
|---|---|---|
| JACKIE ZERJAL and DOUG ZERJAL, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiffs-Appellants, | ) | St. Clair County. |
| | ) | |
| v. | ) | No. 09-L-319 |
| | ) | |
| DAECH & BAUER CONSTRUCTION, INC., | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| BILL THEISMAN, d/b/a Sure Home | ) | |
| Appraisal and Inspection Services, | ) | Honorable |
| | ) | Patrick M. Young, |
| Defendant-Appellee. | ) | Judge, presiding. |

_____

JUSTICE WELCH delivered the judgment of the court, with opinion.
Justices Spomer and Wexstten concurred in the judgment and opinion.

The plaintiffs, Doug and Jackie Zerjal, appeal the involuntary dismissal of their breach-of-contract action against the defendant, Bill Theisman, doing business as Sure Home Appraisal and Inspection Services, by the circuit court of St. Clair County. On appeal, the plaintiffs argue (1) that home inspectors should not be allowed to disclaim liability when they fail to provide promised services, (2) that a contractual limitation period is not enforceable when it is shorter than the applicable statute of limitations and the latter has not been knowingly and voluntarily waived, and (3) that the spouse of a contract signatory has a justiciable interest in the contract. For the following reasons, we affirm the circuit court's dismissal.

The facts necessary for our disposition of this appeal are as follows. Before

1

purchasing an existing house in Fairview Heights, the plaintiffs had the property inspected by Bill Theisman, doing business as Sure Home Appraisal and Inspection Services, pursuant to a contract signed by Theisman and Doug Zerjal. Jackie Zerjal, Doug's wife, did not sign the home inspection contract. The inspection occurred on May 13, 2006, and the plaintiffs purchased the property from Daech & Bauer Construction, Inc., on May 31, 2006.

On June 16, 2009, the plaintiffs filed a three-count complaint against Daech & Bauer Construction, Inc., and Bill Theisman. Counts I and II were directed at Daech & Bauer Construction, Inc., and are not at issue in the instant appeal. Count III was a breach-of-contract claim against Bill Theisman, doing business as Sure Home Appraisal and Inspection Services. The plaintiffs allege that Theisman failed to discover and/or disclose numerous defects in the home that "should have been known to a reasonably careful licensed building inspector." Specifically, the plaintiffs claim that defendant Theisman did not inform them that the foundation was insufficient to support the home's load, the underlayment was decayed and structurally unstable, the walls were unstable and unable to support the necessary loads, water was entering the home at the footing and the foundation, the HVAC unit was blowing moist air against wooden components of the house, and the home's electrical system was installed and maintained in an unsafe manner.

Theisman moved to dismiss the complaint pursuant to section 2-619 of the Code of Civil Procedure (735 ILCS 5/2-619 (West 2008)) on three grounds: (1) the limit-of-liability provision in the contract was valid and enforceable under Illinois law and, without admitting liability, Theisman had tendered the cost of the inspection ($175) to the plaintiffs, (2) the suit was barred because it was not filed within the two-year period provided for in the contract, and (3) Jackie Zerjal's claim was barred because she was not a party to the contract. In support of the motion to dismiss, Theisman submitted the entire home inspection contract and the completed inspection report.

2

The home inspection contract contained the following relevant provisions. The inspection was to be conducted under American Society of Home Inspector standards or, if more stringent, the standards of the State of Illinois. The parties contracted for a visual inspection of the property and a written report of the apparent condition of the "readily accessible installed systems and components of the property existing at the time of the inspection." Latent and concealed defects and deficiencies were excluded from the inspection. The inspector assumed no liability or responsibility for the costs of repairing or replacing any unreported defects or deficiencies either current or arising in the future if not given the required notice, in this case 72 hours. Theisman made no warranties, express or implied, on the fitness of the property, nor did he insure or guarantee against defects in the structure. By the terms of the contract, Theisman's liability was limited to the cost of the inspection, or $175. The contract also provided that any legal action must be brought within two years of the date of inspection or was deemed forever waived and barred.

The circuit court granted the defendant's motion to dismiss with prejudice on January 13, 2010. The court did not specify the grounds on which it based its decision. On the same day, the circuit court entered a judgment in favor of the plaintiffs and against Daech & Bauer Construction, Inc., for $94,000 plus the costs of the suit. The plaintiffs filed a timely notice of appeal on January 25, 2010.

On appeal, the plaintiffs raise three issues regarding the court's dismissal of count III of the complaint. First, the plaintiffs argue that home inspectors should not be allowed to disclaim or severely limit their liability when they fail to provide contractually promised services. They root this argument in public policy considerations, arguing that the state should protect homeowners from home inspectors. Second, the plaintiffs argue that a contractual limitation period for filing suit is not enforceable when it is shorter than the applicable statute of limitations and the latter has not been knowingly and voluntarily waived.

3

Last, the plaintiffs argue that Jackie Zerjal has a justiciable interest in the home inspection contract. We will address each contention in turn after determining the scope of our review.

The plaintiffs' complaint was dismissed pursuant to section 2-619 of the Code of Civil Procedure (735 ILCS 5/2-619 (West 2008)), which governs the involuntary dismissal of a complaint based upon certain defects or defenses. "A section 2-619 motion to dismiss admits the legal sufficiency of the complaint and raises defects, defenses, or other affirmative matters that appear on the face of the complaint or are established by external submissions that act to defeat the claim." *Krilich v. American National Bank & Trust Co. of Chicago*, 334 Ill. App. 3d 563, 569-70 (2002). The purpose of a section 2-619 motion is to dispose of issues of law and easily proved issues of fact early in the litigation. *Czarobski v. Lata*, 227 Ill. 2d 364, 369 (2008). When ruling on a section 2-619 motion, the court must construe the pleadings and supporting documents in the light most favorable to the nonmoving party. *Czarobski*, 227 Ill. 2d at 369. The reviewing court must consider whether the existence of a genuine issue of material fact should have precluded the dismissal or, absent an issue of material fact, whether a dismissal was proper as a matter of law. *Czarobski*, 227 Ill. 2d at 369. We may affirm the dismissal on any proper basis found in the record. *Barber v. American Airlines, Inc.*, 398 Ill. App. 3d 868, 878 (2010), *appeal allowed*, 236 Ill. 2d 550 (2010). Our review is *de novo*. *Czarobski*, 227 Ill. 2d at 369.

As to the first issue on appeal, the plaintiffs argue that exculpation clauses that severely limit inspector liability are unconscionable and that Theisman should not be permitted to avoid liability when he failed to provide contractually promised services. In response, Theisman argues that the contract specifies recoverable damages and that absent a violation of settled public policy of the state or a fiduciary relationship between the parties, the contractual provision is valid and enforceable. We agree with Theisman.

While generally disfavored under Illinois law (*Platt v. Gateway International*

4

*Motorsports Corp.*, 351 Ill. App. 3d 326, 330 (2004)), exculpatory clauses are enforceable unless (1) enforcement would be against a settled public policy of the state and (2) something in the social relationship of the parties militates against enforcement. *Harris v. Walker*, 119 Ill. 2d 542, 548 (1988). As to the first prong, there is no precise definition of "public policy." The term is generally used to describe the customs, morals, and notions of justice that prevail in a state. *Marchlik v. Coronet Insurance Co.*, 40 Ill. 2d 327, 332 (1968). Public policy is not static and, when not fixed by the constitution, can be set by the legislature or courts. *Roedelsheim v. Twelfth Street Store Corp.*, 325 Ill. App. 692 (1945) (abstract of op.). Illinois courts have applied a strict test in determining when public policy interests will invalidate a contract. *Rutter v. Arlington Park Jockey Club*, 510 F.2d 1065, 1069 (7th Cir. 1975). A contract provision will be found to be against public policy " 'if it is injurious to the interests of the public, contravenes some established interest of society, violates some public statute, is against good morals, tends to interfere with the public welfare or safety, or is at war with the interests of society or is in conflict with the morals of the time.' " *In re Estate of Feinberg*, 235 Ill. 2d 256, 265 (2009) (quoting *Vine Street Clinic v. HealthLink, Inc.*, 222 Ill. 2d 276, 296 (2006)).

The plaintiffs argue that the contract provision limiting Theisman's liability to the cost of the inspection is against public policy because it violates the Home Inspector License Act (the Act) (225 ILCS 441/1-1 *et seq.* (West 2008)). The plaintiffs argue that the Act was intended to regulate the home inspection industry for the "protection of the public" (225 ILCS 441/1-5 (West 2008)). The plaintiffs argue that since the legislature intended to regulate the home inspection industry and wanted to protect the public, this court should further the legislature's goals by prohibiting exculpatory clauses in home inspection contracts. It takes more than the legislature's regulation of an industry, however, for a public policy interest to be found. *Rutter v. Arlington Park Jockey Club*, 510 F.2d 1065 (7th Cir. 1975).

5

When the legislature has intended to regulate the liability of parties, it has done so; the legislature has declared it to be against public policy for innkeepers, professional bailees, landlords, and building contractors to be exculpated from liability for their negligence. *First Financial Insurance Co. v. Purolator Security, Inc.*, 69 Ill. App. 3d 413, 417-18 (1979). The instant Act addresses the licensing and regulation of home inspectors but does not address inspectors' liability. Since the legislature had the opportunity to prohibit or limit exculpatory clauses in home inspection contracts but did not, we decline the opportunity as well.

The second test used to determine whether an exculpatory clause is enforceable is whether there is a special relationship of a semipublic nature between the parties. *First Financial Insurance Co.*, 69 Ill. App. 3d at 418. Examples of this special social relationship are common carriers and employer-employee relationships. *First Financial Insurance Co.*, 69 Ill. App. 3d at 418. The special-social-relationship argument has been rejected in cases involving building leases, health club memberships, agreements involving stock car racing, the rental of riding equipment, and the stabling of horses. *First Financial Insurance Co.*, 69 Ill. App. 3d at 418.

The heightened status afforded to common carriers and employer-employee relationships is based on the protection of the public and to ensure that the carrier performs its essential and important duties. *Checkley v. Illinois Central R.R. Co.*, 257 Ill. 491, 494 (1913). The relationship between a home inspector and a homeowner differs from the "special" relationships because of the duties assumed; common carriers are responsible for their patrons' physical safety for which there is no second chance if a mistake should occur, and employers have the duty of protecting their employees while they are serving the employer's interests. Here, the homeowners are not in a position similar to the position of patrons of common carriers or employees; the homeowners were in control of their own fate and could have gotten a second inspection or bargained for different terms with Theisman.

6

See *Owen v. Vic Tanny's Enterprises*, 48 Ill. App. 2d 344, 347-48 (1964). Thus, we refuse to find that the relationship between a home inspector and a home purchaser reaches the level of a "special social relationship" sufficient to invalidate an exculpatory clause.

In their argument, the plaintiffs cite numerous cases, one of which is *Shorr Paper Products, Inc. v. Aurora Elevator, Inc.*, 198 Ill. App. 3d 9 (1990). In *Shorr Paper Products, Inc.*, the defendant contracted to maintain and repair an elevator that subsequently broke. *Shorr Paper Products, Inc.*, 198 Ill. App. 3d at 10. In holding the defendant's exculpatory clause inapplicable, the court stated that the defendant's exculpatory clause could not protect it from its breach of contractual obligations to maintain and repair the elevator. *Shorr Paper Products, Inc.*, 198 Ill. App. 3d at 13-14. What distinguishes *Shorr Paper Products, Inc.* from the instant case is the duty assumed in the contract; in the instant case, Theisman's duty was to inspect the property and prepare a written report, while in *Shorr Paper Products, Inc.* the defendant's duty was to maintain the elevator in good working condition. In other words, in *Shorr Paper Products, Inc.*, the elevator problems were a direct result of the defendant's breach of its contractual duties, while here the plaintiffs' problems with their home were not a direct result of an alleged breach of Theisman's duty to inspect and report on the condition of the home.

The plaintiffs also argue that the contract's liquidated-damages provision is unconscionable. The term "unconscionable" encompasses the absence of meaningful choice by one party, as well as contract terms that are unreasonably favorable to the other party. *First Financial Insurance Co.*, 69 Ill. App. 3d at 419. In general, Illinois courts give effect to liquidated-damages provisions so long as the parties have "expressed their agreement in clear and explicit terms and there is no evidence of fraud or unconscionable oppression, a legislative directive to the contrary, or a special social relationship between the parties of a semipublic nature." *Hartford Fire Insurance Co. v. Architectural Management, Inc.*, 194 Ill.

7

App. 3d 110, 115 (1990). Here, the liquidated-damages provision was clear and explicit, stating, "The Client further agrees that the Inspector is liable only up to the cost of the inspection." This provision is in the fourth paragraph and is located on the first page of the contract, in regular typeface.

The plaintiffs contend that the contract is unconscionable because of the parties' disparate bargaining power. Bargaining power, however, is only one factor to be taken into consideration by a court when determining whether a liquidated-damages provision is unconscionable. *First Financial Insurance Co.*, 69 Ill. App. 3d at 419. Here, the plaintiffs rely heavily on the fact that the provisions were included in a form contract prepared by Theisman. The plaintiffs do not claim that they did not understand the contract; they merely argue that the liquidated-damages provision was not conspicuously marked within the contract. The contract, however, is two pages long, and the liquidated-damages provision is in the same font as the entire contract, excluding the waiver of warranties, which is in all-capital letters. Further, the plaintiffs were under no economic or other compulsion to sign the inspection contract. See *Schlessman v. Henson*, 83 Ill. 2d 82, 87 (1980). Barring some affirmative matter not argued by the plaintiffs, the mere fact that Theisman presented the plaintiffs with a preprinted contract is insufficient to hold that the contract or its terms are unconscionable.

The plaintiffs rely on *Lucier v. Williams*, 366 N.J. Super. 485, 841 A.2d 907 (2004), in which a limitation-of-liability clause in a home inspection contract was overturned by a New Jersey court. In so doing, the court relied upon the statutes' legislative history of consumer protection and the statutory provision that required home inspectors to maintain errors-and-omissions insurance of at least $500,000 per year. *Lucier*, 366 N.J. Super. at 497, 841 A.2d at 914. These two factors distinguish this case from the case at bar; Illinois does not require home inspectors to have errors-and-omissions insurance, nor is the legislative

8

history of the Illinois statute comparable to that of the New Jersey statute. Moreover, *Lucier* is not binding on this court. In light of the foregoing, we do not find that Theisman's limitation-of-liability clause is invalid, and we decline to find that it is against the public policy of Illinois.

The plaintiffs' second contention on appeal is that the two-year period of limitations for filing suit contained in the contract is invalid and should not be enforced. First, the plaintiffs argue that the two-year limitation period was concealed in the body of the contract. The contract is only two pages long and contains 13 paragraphs. The relevant provision is in paragraph 11 and states, "[A]ny legal action must be brought within two (2) years from the date of the inspection." This provision is in the same typeface, font, and size as the rest of the contract; the only portion of the contract that is in different type is the portion that disclaims warranties and that is in all-capital letters. Thus, there is no merit to the contention that the limitations period was concealed in the contract.

Second, the plaintiffs argue that they did not knowingly and voluntarily waive the 10-year statute of limitations. While this issue was also not raised before the trial court and therefore forfeited on appeal, we will address it briefly. "[W]aiver arises from an affirmative act, is consensual, and consists of an intentional relinquishment of a known right." *People v. Houston*, 229 Ill. 2d 1, 9-10 n.3 (2008). In other words, a waiver requires that a person knowingly possess a right and, with that knowledge, manifest his desire to intentionally relinquish that right. A waiver is not at issue in the instant case because the plaintiffs did not possess the right to a 10-year statute of limitations and elect to not enforce it; instead, without having a right to the 10-year statute of limitations, the plaintiffs contracted for a different limitations period. Thus, the plaintiffs' nonwaiver argument is unavailing.

" '[I]t is well established that parties to a contract may agree upon a shortened contractual limitations period to replace a statute of limitations, as long as it is reasonable.' "

9

*Federal Insurance Co. v. Konstant Architecture Planning, Inc.*, 388 Ill. App. 3d 122, 126 (2009) (quoting *Medrano v. Production Engineering Co.*, 332 Ill. App. 3d 562, 566 (2002)). The plaintiffs do not present any cogent argument regarding the unreasonableness of the two-year limitations period. Instead, they argue that they did not know of the two-year limitations period or that it was negotiable. This argument fails because competent parties can contract for any lawful purpose on any terms agreeable to them. *Ostrowsky v. Berg*, 337 Ill. App. 422, 424-25 (1949). It is not the duty of one party to a contract to inform another of the duties or obligations assumed under the contract. *Schoonover v. American Family Insurance Co.*, 214 Ill. App. 3d 33, 43 (1991) (stating that it is not the duty of the insurer to inform the insured of the contents of a contract when the contract was available for the insured's review). Here, the contract was only two pages long and contained 13 paragraphs, and the entire contract was in the same typeface and size, with the exception of the limitations of warranties. Further, the plaintiffs did not aver in their complaint that they were forced or rushed into signing the contract. Thus, there are no facts to support the arguments that the two-year limitation was unreasonable or that the plaintiffs were not aware of the two-year limitation.

Third, the plaintiffs argue that the "discovery rule" should be applied and that the two-year limitations period should not have started to run until the plaintiffs discovered the defects unreported by Theisman. The plaintiffs, however, did not raise this issue in their written response to the defendant's motion to dismiss and therefore forfeited it on appeal. See *Buckner v. O'Brien*, 287 Ill. App. 3d 173, 177 (1997), *aff'd sub nom. Buckner v. Atlantic Plant Maintenance, Inc.*, 182 Ill. 2d 12 (1998). In light of the foregoing, we find the two-year contractual limitations period to be valid and enforceable.

The plaintiffs' last contention on appeal is that Jackie Zerjal is a proper plaintiff in the instant case even though she did not sign the home inspection contract with Theisman.

Supreme Court Rule 341 states that the appellant's brief shall contain "[a]rgument, which shall contain the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on." 210 Ill. 2d R. 341(h)(7). "A reviewing court *** is not a repository into which an appellant may foist the burden of argument and research ***." *Obert v. Saville*, 253 Ill. App. 3d 677, 682 (1993). In direct violation of Rule 341(h)(7), the plaintiffs' point is merely stated and is not supported with coherent argument or any citation to authority. Consequently, it will not be addressed in this opinion.

Because the trial court did not state the ground on which it relied in granting Theisman's motion to dismiss, a reviewing court may affirm on any ground present in the record. See *Barber*, 398 Ill. App. 3d at 878. We decline to act in place of the legislature in declaring limitation-of-liability clauses in home inspection contracts against public policy. Further, we find the two-year contractual limitations period at issue in this case to be valid and enforceable. Thus, we affirm the dismissal of count III of the plaintiffs' complaint.

Affirmed.

NO. 5-10-0066

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

| | | |
|---|---|---|
| JACKIE ZERJAL and DOUG ZERJAL, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiffs-Appellants, | ) | St. Clair County. |
| | ) | |
| v. | ) | No. 09-L-319 |
| | ) | |
| DAECH & BAUER CONSTRUCTION, INC., | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| BILL THEISMAN, d/b/a Sure Home | ) | |
| Appraisal and Inspection Services, | ) | Honorable |
| | ) | Patrick M. Young, |
| Defendant-Appellee. | ) | Judge, presiding. |

**Opinion Filed**: December 1, 2010

**Justices**: Honorable Thomas M. Welch, J.

Honorable Stephen L. Spomer, J., and
Honorable James M. Wexstten, J.,
Concur

**Attorney for Appellants** Timothy J. Bates, The Bates Law Firm, 1112 West Main Street, Belleville, IL 62220

**Attorney for Appellee** Joseph B. McDonnell, Greensfelder, Hemker & Gale, P.C., 12 Wolf Creek Drive, Suite 100, Swansea, IL 62226