(No. 30960.—

HINDU INCENSE MANUFACTURING COMPANY, Appellee, *vs.*
JOHN MACKENZIE, Appellant.

*Opinion filed May 19, 1949.*

JAMES B. McKEON, of Chicago, for appellant.

ARVEY, HODES & MANTYNBAND, (J. HERZL SEGAL, and
HERMAN SMITH, of counsel,) all of Chicago, for appellee.

Mr. JUSTICE THOMPSON delivered the opinion of the
court:

Appellee filed a complaint in the circuit court of Cook
County in two counts, one for a declaratory judgment, the
other for an injunction. As alleged in the complaint, the
controversy pertained to the rights of plaintiff under a

lease for property in the city of Chicago, for a term beginning June 1, 1943, and ending May 31, 1946. An answer was filed to both counts, after which plaintiff filed a motion to strike the answer to count 1. A hearing was had limited to count 1, and the answer thereto, after which the court entered a declaratory judgment that an option to purchase contained in the lease was renewed and continued when the plaintiff, lessee, notified defendant, lessor, of its election to renew the tenancy. No proceedings were had under count 2. The defendant then made a motion to vacate the declaratory judgment, to withdraw his answer and to strike plaintiff's complaint, which was denied. The cause is here on appeal from the judgment of the Appellate Court, First District, affirming the declaratory judgment and the order denying the motion to vacate.

This suit arises out of a lease executed by the defendant to the Royal Manufacturing Company and by it assigned to plaintiff. The lease contained the following pertinent provisions:

"To have and to hold the same unto the lessee from the 1st day of June, 1943, until the 31st day of May, 1946, with mutual option to renew for an additional term of two years under same terms and conditions.

"An option is hereby given to the lessee to purchase the said premises for the sum of Twenty-four Thousand ($24,000.00) Dollars at any time during the term of this lease, free and clear of encumbrances."

The record discloses that on March 11, 1946, plaintiff gave notice in writing of its election to exercise the option to renew under the same terms and conditions; and, on March 16, the defendant wrote to plaintiff that he had elected to terminate said lease at the expiration date, May 31, 1946, contending that under the mutual option to renew under said lease it required the election of both parties, and further, that if plaintiff wanted to continue on a monthly basis, the rent would be the same until further notice.

Plaintiff continued to occupy the premises after the expiration date of May 31, 1946, but refused to pay the increased rental demanded by the defendant. On March 31, 1947, defendant made a written demand for increased rental and was notified by plaintiff that it would decline to pay such increase, for the reason the lease did not expire until May 31, 1948, under the mutual option to renew for an additional term of two years, this notice being given by plaintiff on April 6, 1947. Again, on December 21, 1946, plaintiff wrote to the defendant and claimed that it had an option to purchase which "expires May 31, 1948," the plaintiff having learned that defendant was about to sell the property which would deprive plaintiff of the right to purchase as it contended it had a right to do under the option.

On this appeal defendant concedes the option to renew was effectively exercised, but contends that the court below erroneously held that the exercise of the option to renew continued the option to purchase into the renewal term. This, of course, presents the crucial question as to whether the option to purchase, as contained in the lease, was continued into the renewal term by the exercise of the option to renew.

The defendant contends that the presumption must be applied that the parties to the lease had in mind the principle of Illinois law that an option to renew is not a present demise of the additional term, and that, therefore, they did not intend that the option to purchase could be exercised during the renewal term because the language of the option to purchase limits its life to the term of "this lease." It is true that the existing law enters into and is a part of every contract, and the contract should be so construed unless otherwise clearly indicated by the terms of the agreement. (*Illinois Bankers Life Ass'n* v. *Collins*, 341 Ill. 548.) We have also held that an option to renew a lease is not a present demise of the additional term but is a covenant to

grant an additional term upon the condition specified. *Fuchs v. Peterson,* 315 Ill. 370.

Plaintiff does not controvert those principles, but takes the position that while the option to renew was not a present demise of the additional term, when it was exercised it extended into the renewed term all the terms and conditions of the original term including the option to purchase.

While it is settled that an option to renew in a lease is not a present demise of the additional term, there can be no doubt that the covenant of an option to renew may, if the parties so intend, include all and every clause of the original lease. The question here for determination is whether the language used in the lease expresses an intention on the part of the parties that the exercise of the option to renew under the same terms and conditions continues the option to purchase into the renewed term. Search does not disclose that this court has ever passed on this precise question and there is considerable conflict in the decisions of courts of other States. However, the general rule seems to be that where the original lease provides for an extension of the term at the lessee's election, an option contained in the lease to purchase is likewise extended. 32 Am. Jur. 285; 51 C.J.S. 643; 163 A.L.R. 711; *Schaeffer v. Bilger,* 186 Md. 1, 163 A.L.R. 706.

An examination of the lease in this case discloses a clear and unambiguous option to renew "under the same terms and conditions" and a clear and unambiguous option to purchase "at any time during the term of this lease." This presents the question whether the option to purchase was included in the option to renew as one of the terms and conditions of the lease.

The only case cited by defendant which directly supports his position is *Pettit v. Tourison,* 283 Pa. 529, 129 Atl. 587. In that case the lease contained an option to purchase and to renew in substantially the same language

as used in the lease in the instant case. The court there held that the exercise of the option to renew did not renew the option to purchase. In reaching that conclusion the court reasoned that the option to purchase and the option to renew confer separate and distinct rights and powers upon the lessee; that the latter referred to a continuation of the tenancy, while the former conferred upon the lessee the power to terminate the tenancy during the term; and that the option to purchase is not an essential covenant of the lease, nor a term or condition of the demise. It is apparent that the basis for the position in the *Pettit case* is that an option to purchase is a separate and independent clause, unrelated to the demise. While the case seems to follow the English rule that an option to purchase is a collateral contract independent of the lease in which it is contained, we find the case in this respect is directly opposite to the holding of this court and specifically conflicts with the rule laid down in *Garlick* v. *Imgruet,* 340 Ill. 136, which holds that an option to purchase contained in a lease is an integral part of that lease and that the contract in such lease is indivisible. In the case of *County of Hamilton* v. *Sloan,* 387 Ill. 24, this court held that, even though embodied in separate instruments, an option to purchase and a lease executed at the same time as a part of the same transaction required that they be deemed one inseparable contract. It is apparent that the holding in the *Pettit case* is based on a proposition of law contrary to the settled decisions of this court and therefore that case cannot control. No ambiguity arises out of the two options contained in the lease, in view of the decisions of this court that an option to purchase is an integral part of the lease, and, under such circumstances, the option to purchase in the lease cannot be treated as an independent covenant. If it were desired to make the option to purchase an independent covenant, it is necessary to express in the grant of the demise a different intention. As we have heretofore pointed

out, the existing law is a part of the contract, (*Illinois Bankers Life Ass'n* v. *Collins,* 341 Ill. 548, and the absence from an otherwise unambiguous lease of language disavowing the settled rule does not raise an ambiguity.

Stripped of all its excess verbiage, defendant's position, when analyzed, reduces itself to a claim that an option to purchase was an independent clause not included in the option to renew for an additional term. This position is untenable for the reason that the option to purchase was one of the terms of the lease and the option to renew clearly grants to the lessee the power to renew the entire contract upon the same terms as granted in the original undertaking. The renewal of the additional term was as shown by the language of the lease to be "under the same terms and conditions." The option to renew having been admittedly exercised, the option to purchase was renewed by it and was valid and binding during the extended term.

For the reasons above set out, the judgment of the Appellate Court is affirmed.

*Judgment affirmed.*