WILLIAM J. LARNED, Plaintiff-Appellant, v. FIRST CHICAGO CORPORA-TION *et al.*, Defendants-Appellees.

First District (2nd Division)   No. 1—93—3008

Opinion filed June 7, 1994.

Holstein, Mack & Klein, of Chicago (Robert Holstein, Jewel Klein, Aron Robinson, and Gina Fietsam, of counsel), for appellant.

Lynn Goldstein, John Simons, and Julie Lepri, all of Chicago, for appellees.

JUSTICE HARTMAN delivered the opinion of the court:

Plaintiff, William J. Larned, appeals from an involuntary dismissal of his class action lawsuit against defendants, First Chicago Corporation (First Chicago) and its wholly owned subsidiary FCC National Bank (First Card) (collectively defendants), filed on behalf of all holders of credit cards issued by defendants, including the "First Card United Mileage Plus Visa" credit card (Visa card), whose payments were due on a Sunday or holiday but were received the following business day and incurred a finance charge. The issues presented by the parties to this appeal are whether (1) the National Bank Act (12 U.S.C. § 21 *et seq.* (1988)) preempts the Illinois Bank Holiday Act (Holiday Act) (205 ILCS 630/17 (West 1992)); (2) the Visa card agreement's choice of law provision is enforceable; and (3) the Visa card agreement is an adhesion contract.

On October 24, 1990, Larned received a bill from First Card for charges incurred using his Visa card. The statement required that he deliver payment to First Card on or before Sunday, November 18, 1990, in order to avoid a finance charge. On November 15, 1990, Larned mailed a check to First Card in full payment of his credit card balance, but the check was not received until Monday, November 19, one day after the bill's due date. First Card assessed Larned $57.95 as a finance charge due to the late payment.

On June 18, 1992, Larned filed a class action complaint against defendants on behalf of all holders of credit cards "whose payments were due on a Sunday or a holiday and whose payments were received on the first business day following such Sunday or holiday and were subsequently charged a finance charge by the defendants." Larned claimed that the Holiday Act operated to make his payment timely

because the statute provides that where an indebtedness falls due on a Sunday, the debtor has until the following Monday to pay his debt without incurring finance charges.

Defendants filed a motion to dismiss claiming that the National Bank Act preempted the Holiday Act and that First Card, as a national bank, could not be prohibited from collecting payments on Sunday. Defendants also claimed that the Visa card agreement contained a Delaware choice of law provision and that Delaware law does not have a comparable Holiday Act. As their final argument, defendants asserted that the credit card agreement expressly excluded the effect of the Holiday Act.

On March 23, 1993, the circuit court granted defendants' motion to dismiss finding that the National Bank Act preempted the Holiday Act, Delaware law governed the contract, and the Visa card agreement excludes the effect of the Holiday Act. The court also ruled that the credit card agreement was not an adhesion contract.

On April 22, 1993, Larned filed a motion to reconsider and for leave to file an amended complaint. On July 27, 1993, the circuit court denied these motions and Larned timely filed this appeal.

Section 9 of the credit card agreement is dispositive of this appeal. The operative language of section 9 provides:

> "If your Payment Due Date falls on a Saturday, Sunday or holiday, the Payment Due Date will not be extended and failure to get the payment to us as specified on your billing statement on or before that date will result in Finance Charge."

Defendants argue that the Visa card agreement, by requiring payments to be made in accordance with its terms, excluded the effect of the Holiday Act. We agree.

■ Illinois authorities recognize that, *in the absence of contract language to the contrary*, laws and statutes in existence at the time a contract is executed are considered part of the contract. (*Hindu Incense Manufacturing Co. v. MacKenzie* (1949), 403 Ill. 390, 392, 86 N.E.2d 214; *Illinois Bankers Life Association v. Collins* (1930), 341 Ill. 548, 553, 173 N.E. 465; *S&D Service, Inc. v. 915-925 W. Schubert Condominium Association* (1985), 132 Ill. App. 3d 1019, 1023, 478 N.E.2d 478; *Needy v. Sparks* (1979), 74 Ill. App. 3d 914, 918-19, 393 N.E.2d 1252.) We find section 9 of the Visa card agreement explicit "language to the contrary" and controlling in this dispute.

A case analogous to the situation *sub judice* is *McMahon v. Chicago Mercantile Exchange* (1991), 221 Ill. App. 3d 935, 582 N.E.2d 1313. In *McMahon*, plaintiff sought a declaration determining his rights under a commodity exchange's membership program that was to expire on a Saturday but was terminated on the preceding Friday.

(*McMahon*, 221 Ill. App. 3d at 937-40.) Plaintiff argued that the Illinois Statute on Statutes (5 ILCS 70/1.11 (West 1992) (formerly Ill. Rev. Stat. 1985, ch. 1, par. 1012)) shifted the termination date from Saturday to the following Monday. (*McMahon*, 221 Ill. App. 3d at 944-45.) The court ruled that although the time computation provision of the Statute on Statutes could be construed as an implied term of the contract, the Exchange excluded the effect of the statute by announcing a new termination date. (*McMahon*, 221 Ill. App. 3d at 945.) The court found that excluding the effect of the statutory time computation provision neither violated public policy nor contravened any positive rule of law. *McMahon*, 221 Ill. App. 3d at 945.

■ In the instant case, the Visa card agreement excluded the effect of the similarly worded Holiday Act. As in *McMahon*, we construe the Holiday Act as not embodying fundamental Illinois public policy.

Accordingly, we affirm the circuit court's dismissal of Larned's cause of action by concluding that the Visa card agreement validly excluded the effect of the Holiday Act.

Larned alleges that the Visa card agreement is an unenforceable contract of adhesion since only a limited number of credit card companies offer the United Airlines' Frequent Flyer program.

■ Contracts of adhesion generally are recognized when a standardized form agreement is submitted to a party for acceptance without any opportunity to negotiate terms. (*Preston v. Kruezer* (N.D. Ill. 1986), 641 F. Supp. 1163, 1171.) The mere fact that one party to a contract enjoyed little relative bargaining strength, however, cannot alone render a contractual provision unenforceable. (*Preston*, 641 F. Supp. at 1171.) Neither will the mere fact that a questioned clause is contained in a form agreement support a finding of unconscionability. (*Preston*, 641 F. Supp. at 1172.) An unconscionable bargain is one which no reasonable person would make and which no honest person would accept. (*Hartford Fire Insurance Co. v. Architectural Management, Inc.* (1990), 194 Ill. App. 3d 110, 116, 550 N.E.2d 1110, *appeal denied* (1990), 133 Ill. 2d 556, 561 N.E.2d 691.) The term "unconscionable" encompasses the absence of meaningful choice by one of the parties as well as contract terms which are unreasonably favorable to the other party. *Hartford Fire Insurance*, 194 Ill. App. 3d at 116.

■ In the present case, the Visa card agreement is not an adhesion contract since Larned freely chose to obtain this Visa card from among a number of other credit cards offering similar benefits. Although Larned maintains that only a limited number of credit card issuers offer frequent flyer miles, the fact other credit card companies do provide similar benefits demonstrates that he did not lack meaningful choice in obtaining this Visa card.

We conclude that the circuit court did not err by finding that the Visa card agreement was not an adhesion contract.

In view of the foregoing disposition, we need not reach and do not address issues concerning the application of the National Bank Act and the enforceability of the choice of law provision contained in the Visa card agreement.

Affirmed.

DiVITO, P.J., and McCORMICK, J., concur.