Lloyd SARVER, Plaintiff,

v.

TRANS UNION, LLC and Cross Country Bank, Defendants.

No. 02 C 7409.

United States District Court, N.D. Illinois, Eastern Division.

May 22, 2003.

Larry Paul Smith, Julia Lynette Thomas, James Andrew Gordon, Krohn & Moss, Ltd., Chicago, IL, for Plaintiff.

Monica L. Thompson, Daniel Owen Halvorsen, Keri Lynn Ellis, Denise Carmela Castillo, Piper Rudnick, James Dominick Adducci, Marshall Lee Blankenship, Adducci, Dorf, Lehner, Mitchell & Blankenship, P.C., Chicago, IL, for Defendants.

### MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

Plaintiff Lloyd Sarver filed a two count complaint against defendants Trans Union, LLC ("Trans Union") and Cross Country Bank ("Cross Country"). Count one asserted a violation of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681–1681t ("FCRA"), by Trans Union, and count two asserted a violation of the FCRA by Cross Country. Trans Union filed an answer to the complaint. Cross Country, on the other hand, filed a motion to compel arbitration and stay proceedings as to plaintiff's claim against it. I grant the motion.

Mr. Sarver opened two credit card accounts with Cross Country. He alleges that Cross Country has been reporting inaccurate information regarding Mr. Sarver and his credit history to third parties in violation of the FCRA. Cross Country seeks to compel arbitration of this claim based on arbitration clauses found in cardmember agreements associated with Mr. Sarver's accounts.

Under the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.* ("FAA"), once I am satisfied that the making of the agreement to arbitrate is not in issue, I must order the parties to proceed to arbitration in accordance with their agreement. 9 U.S.C. § 4. An agreement to arbitrate "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2.

Mr. Sarver acknowledges that his activation and use of the credit cards made the cardmember agreements effective. (Pl.'s Resp. Def.'s Mot. Compel Arbitration at 2, 11.) Mr. Sarver argues that the agreements to arbitrate are not valid, however, because they are unconscionable. Under either Delaware or Illinois law [1] the arbitration clauses here are not unconscionable. *See Graham v. State Farm Mut. Auto. Ins. Co.*, 565 A.2d 908, 912–13 (Del. 1989) (holding that an arbitration clause in a "take-it-or-leave-it" adhesion insurance contract was not unconscionable, even when the insured was not provided with a copy of the policy until after coverage had begun); *Larned v. First Chicago Corp.*, 264 Ill.App.3d 697, 201 Ill.Dec. 572, 636 N.E.2d 1004, 1006 (1994) (holding that mere fact that challenged clause was contained in an adhesion contract offered by a credit card company did not support a finding of unconscionability because the

---

**1.** Mr. Sarver is a citizen of Illinois, while Cross Country is headquartered in Delaware. Further, all the cardmember agreements at issue contain a Delaware choice of law clause.

consumer freely chose the credit card from a number of other credit card offers).

 Here, the arbitration clauses cover all disputes that "arise out of" the cardmember agreements. Arbitration agreements covering disputes "arising out of" a contract reach "all disputes having their origin or genesis in the contract." *Sweet Dreams Unlimited, Inc. v. Dial–A–Mattress Int'l Ltd.*, 1 F.3d 639, 642 (7th Cir. 1993). As Mr. Sarver's complaint alleges failure to correct and unlawful reporting of information regarding his credit card accounts, this dispute has its genesis in the cardmember agreements, and is thus covered by the arbitration clause.

Mr. Sarver also argues that the arbitration clauses here are contrary to public policy because they do not provide for the awarding of attorneys' fees, which are necessary to fulfill the public policy behind consumer protection statutes such as the FCRA. It is well established that statutory rights may be arbitrated "so long as the prospective litigant effectively may vindicate his or her statutory cause of action in the arbitral forum." *Green Tree Fin. Corp.-Alabama v. Randolph*, 531 U.S. 79, 90, 121 S.Ct. 513, 148 L.Ed.2d 373 (2000) (internal quotations omitted). While a prohibition against awarding fees in arbitration could preclude arbitration of statutory rights, the arbitration clauses here contain no such prohibition. *Cf. Graham Oil Co. v. ARCO Products Co.*, 43 F.3d 1244, 1247–48 (9th Cir.1994) (holding that court, not arbitrator, must decide claims under the Petroleum Marketing Practices Act because arbitration clause at issue expressly forfeited parties' statutorily-mandated right to recover, among other things, attorneys' fees). The arbitration clauses here do not forbid the arbitrator from awarding attorneys fees. Thus, there is no reason to believe that Mr. Sarver will be unable to vindicate effective-ly his rights under the FCRA in arbitration.

Defendant Cross Country Bank's motion to compel arbitration and stay proceedings as to it is GRANTED.