**GREEN TREE SERVICING, LLC,**
**Appellant–Defendant,**

v.

**Brian D. BROUGH, Appellee–Plaintiff.**

**No. 88A01–0911–CV–550.**

Court of Appeals of Indiana.

July 26, 2010.

Louis T. Perry, Harmony A. Mappes, Indianapolis, IN, Attorneys for Appellant.

Alice Bartanen Blevins, Salem, IN, Attorney for Appellee.

## OPINION

SHARPNACK, Senior Judge.

Appellant Green Tree Servicing, LLC ("Green Tree"), seeks review of the trial court's Order Granting Request to Vacate Order for Arbitration ("the Order"). We reverse and remand with instructions.

## I. ISSUE

Green Tree raises one issue, which we restate as whether the trial court erred by vacating its prior order directing the parties to arbitrate their dispute.

## II. FACTS AND PROCEDURAL HISTORY

On August 25, 2000, Appellee Brian D. Brough and a predecessor in interest to Green Tree executed a "Retail Installment Contract, Security Agreement, Waiver of Trial by Jury, and Agreement to Arbitration or Reference or Trial by Judge Alone" ("the Contract"). Appellant's App. pp. 5–11. Pursuant to the Contract, Green Tree's predecessor loaned Brough $24,483.48 to purchase a mobile home.

The Contract contains an arbitration clause, which provides, in relevant part,

    a. **Dispute Resolution.** Any controversy or claim between or among you and me or our assignees arising out of or relating to this Contract or any agreements or instruments relating to or delivered in connection with this Contract, including any claim based on or arising from an alleged tort, shall, if requested by either you or me, be determined by arbitration, reference, or trial by a judge as provided below. A controversy involving only a single claimant, or claimants who are related or asserting claims arising from a single transaction, shall be determined by arbitration as described below. Any other controversy shall be determined by judicial reference of the controversy to a referee appointed by the court or, if the court where the controversy is venued lacks the power to appoint a referee, by trial by a judge without a jury, as described below. **YOU AND I AGREE AND UNDERSTAND THAT WE ARE GIVING UP THE RIGHT TO TRIAL BY JURY, AND THERE SHALL BE NO JURY WHETHER THE CONTROVERSY OR CLAIM IS DECIDED BY ARBITRATION, BY JUDICIAL REFERENCE, OR BY TRIAL BY A JUDGE.**

    b. **Arbitration.** Since this Contract touches and concerns interstate commerce, an arbitration under this Contract shall be conducted in accordance with the United States Arbitration Act (Title 9, United States Code), notwithstanding any choice of law provision in this contract, the Commercial Rules of the American Arbitration Association ("AAA") also shall apply. The arbitrator(s) shall follow the law and shall give effect to the statutes of limitation in determining any claim. Any controversy concerning whether an issue is arbitrable shall be determined by the arbitrator(s).

Appellant's App. p. 8 (emphasis in original). In the Contract, Brough further agreed that Green Tree, through its processor in interest, could "share information about me and my account with credit reporting agencies." *Id.* at p. 9.

Subsequently, Brough defaulted on the Contract. In 2003, Brough filed a Chapter 13 bankruptcy petition in the United States Bankruptcy Court for the Southern District of Indiana. His petition was subsequently converted to a Chapter 7 proceeding. Brough's debt to Green Tree was addressed in the bankruptcy proceedings. The bankruptcy court discharged Brough's petition on November 14, 2008.

After the bankruptcy discharge, Green Tree began this case by filing suit against Brough.[1] Subsequently, Brough filed a counterclaim against Green Tree alleging a violation of the Fair Credit Reporting Act ("FCRA"). Brough accused Green Tree of reporting to credit agencies that Brough still owed Green Tree a debt under the Contract even though the matter was discharged in bankruptcy.

Green Tree asked the trial court to stay the case and to compel the parties to attend arbitration pursuant to the Contract. On December 15, 2008, the trial court granted Green Tree's request.

On August 14, 2009, Brough filed a request to vacate the arbitration order. After a hearing, the trial court issued the Order, in which it granted Brough's request.

Green Tree filed a Notice of Appeal and also sought leave to pursue a discretionary interlocutory appeal pursuant to Indiana Appellate Rule 14(B). This Court granted Green Tree's request for a discretionary interlocutory appeal and consolidated Green Tree's appeals concerning the Order under this cause number.

## III. DISCUSSION

Green Tree contends that Brough's FCRA claim is subject to the arbitration provision in the Contract.

■■ Arbitration is a matter of contract and a party cannot be required to submit to arbitration unless he has agreed to do so. *Mid–America Surgery Center v. Schooler,* 719 N.E.2d 1267, 1269 (Ind.Ct.App.1999). Accordingly, where a court is asked to compel or stay arbitration, it faces the threshold question of whether the parties have agreed to arbitrate the particular dispute. *Sanford v. Castleton Health Care Center, LLC,* 813 N.E.2d 411, 416 (Ind.Ct.App.2004), *reh'g denied, transfer dismissed.* Additionally, before a court compels arbitration, it must resolve any claims the parties had concerning the validity of the contract containing the arbitration clause. *Id.*

■■ When determining whether the parties have agreed to arbitrate a dispute, we apply ordinary contract principles governed by state law. *Id.* Construction of the terms of a written arbitration contract is a pure question of law, and we conduct a *de novo* review of the trial court's conclusions in that regard. *Id.* at 416–417. In interpreting a contract, we give the language of the contract its plain and ordinary meaning. *State v. Philip Morris Tobacco Co.,* 879 N.E.2d 1212, 1215 (Ind.Ct.App.2008), *reh'g denied, transfer denied.* The court

---

1. Green Tree does not identify the nature of its claim(s) against Brough. In addition, Green Tree failed to include in its Appellant's Appendix a copy of the trial court's Chronological Case Summary, which has hindered our review and violates Indiana Appellate Rule 50(A)(2)(a). Furthermore, Green Tree failed to include in its Appellant's Appendix a copy of Brough's counterclaim and Green Tree's response to the counterclaim, which has also hindered our review and violates Indiana Appellate Rule 50(A)(2)(f).

should attempt to determine the intent of the parties at the time the contract was made by examining the language used to express their rights and duties. *Id.* When construing arbitration agreements, every doubt is to be resolved in favor of arbitration. *Id.* Parties are bound to arbitrate all matters that are not explicitly excluded and that reasonably fit within the language used. *Id.*

■ We begin by determining whether the parties agreed in the Contract to arbitrate Brough's FCRA claim. Several other jurisdictions faced with this question have held that FCRA claims can be subject to arbitration clauses. *See DeGraziano v. Verizon Communications, Inc.,* 325 F.Supp.2d 238, 245 (E.D.N.Y.2004) (determining that a plaintiff's FCRA claim was subject to an arbitration clause in a cellular telephone service agreement); *Sarver v. Trans Union, LLC,* 264 F.Supp.2d 691, 693 (N.D.Ill.2003) (determining that a plaintiff's FCRA claim was subject to an arbitration clause in a credit card agreement). We find these cases persuasive, but the crucial point in this case is that Brough has admitted that his FCRA claim is subject to the arbitration clause. During the trial court's hearing on Brough's request to vacate the arbitration order, Brough stated, "[i]f the bankruptcy did not happen, we agree that arbitration would be required." Tr. p. 6. Thus, subject to Brough's challenge to the validity of the entire contract, which we discuss below, we conclude that the parties agreed in the Contract to arbitrate Brough's FCRA claim. *See Mid–States Aircraft Engines, Inc. v. Mize Co., Inc.,* 467 N.E.2d 1242, 1248 (Ind.Ct.App.1984) (determining that a concession on a question of fact was a binding admission).

■ Brough contends that the Contract as a whole is no longer valid because it was terminated by his bankruptcy discharge. We disagree. The parties have not directed us to any Indiana authorities on this issue, but we find *In re Wells Fargo Bank, N.A.,* 300 S.W.3d 818 (Tex. Ct.App.2009) persuasive. In that case, homeowners defaulted on a home equity loan and filed for bankruptcy. *Id.* at 822. The homeowners were later discharged from bankruptcy. *Id.* Subsequently, the lender foreclosed upon the loan and took possession of the real property that the homeowners had used to secure the loan. *Id.* The homeowners filed suit against the lender and other parties. The lender filed a motion to compel arbitration, which the trial court denied, and the lender filed a petition for writ of mandamus with the Texas Court of Appeals. *Id.* at 823. On appeal, the homeowners contended that the trial court's judgment was correct because the bankruptcy proceeding absolved them from any further obligations under their agreements with the lender, including their agreement to arbitrate. *Id.* at 825. The Texas Court of Appeals disagreed, concluding that the arbitration agreement survived the bankruptcy. *Id.* at 826. The court cited another case that reached the same conclusion, noting that the bankruptcy proceeding had ended, so arbitration of the dispute would not jeopardize the bankruptcy proceeding. *Id.* (citing *MBNA Am. Bank, N.A. v. Hill,* 436 F.3d 104, 108–109 (2nd Cir.2006)).

Similarly, in *Siegel v. Federal Home Loan Mortgage Corp.,* 143 F.3d 525, 527–528 (9th Cir.1998), a borrower, Siegel, executed two notes, each secured by mortgages on different parcels of real property, but defaulted on the notes and filed for bankruptcy. During bankruptcy proceedings, the lender foreclosed on one of the properties with the bankruptcy court's permission. *Id.* at 528. After Siegel obtained a bankruptcy discharge, the lender foreclosed on the other property. *Id.* Sub-

sequently, Siegel sued the lender, raising tort and breach of contract claims. *Id.* at 527. The lender prevailed in the district court and moved to recover attorney's fees pursuant to the parties' mortgage agreements. *Id.* at 528. The district court granted the lender's request and awarded the lender attorney's fees. *Id.* On appeal, Siegel contended that the attorney's fees provisions in the parties' agreements were invalidated by the bankruptcy proceedings. *Id.* at 531. The Ninth Circuit disagreed, stating that Siegel's "bankruptcy discharge did not eliminate the provision. That is, it cannot be said that the whole contract merged into that judgment." *Id.* The attorney's fees provision "may have fallen dormant, but it was reviviscible." *Id.*

In this case, as in *In re Wells* and *Siegel,* Brough's bankruptcy proceeding has ended, so arbitration of his FCRA claim will not jeopardize the bankruptcy case or affect Brough's bankruptcy discharge. The Contract's arbitration clause, like the attorney's fees provision in *Siegel,* was not terminated by Brough's bankruptcy discharge. For these reasons, we conclude that Brough's contractual obligation to arbitrate his FCRA claim against Green Tree was not invalidated by his bankruptcy discharge.

Brough cites *Circuit City Stores, Inc. v. Adams,* 279 F.3d 889 (9th Cir.2002), *cert. denied,* 535 U.S. 1112, 122 S.Ct. 2329, 153 L.Ed.2d 160 (2002), but that case is distinguishable. In that case, the Ninth Circuit was asked to determine whether an arbitration clause in an employment contract was unconscionable under California law. *Id.* at 892. By contrast, in this case Brough has not raised a claim of unconscionability.

The trial court erred by vacating its prior order directing the parties to arbitrate their dispute. Consequently, the trial court must again order the parties to attend arbitration.

## IV. CONCLUSION

For the reasons stated above, we reverse the judgment of the trial court and remand with instructions to order the parties to arbitrate Brough's FCRA claim.

Reversed and remanded.

FRIEDLANDER and BRADFORD, JJ., concur.