Hon. Dana M. Sabraw, United States District Judge
Pending before the Court is Defendant Wells Fargo Bank, N.A.'s motion to compel *935 arbitration. Plaintiff Taneesha Crooks filed an opposition, and Defendant filed a reply. For the following reasons, the Court grants Defendant's motion and stays further proceedings pending arbitration.
I.
BACKGROUND
On October 30, 2013, Plaintiff purchased a used 2006 Nissan Armada from Kearny Mesa Toyota in San Diego, California. (Declaration of J. Tann Pace ("Pace Decl.") ¶ 4, Ex. A; Declaration of Taneesha Crooks ("Crooks Decl.") ¶ 4.) When Plaintiff purchased the vehicle, she signed a Retail Installment Sales Contract with the dealership, which assigned its rights in the Contract to Defendant. (Id. ¶ 5, Ex. A; Compl. ¶ 22.) In a signature section of the Contract entitled "Agreement to Arbitrate[,]" Plaintiff was reminded, "By signing below, you agree that, pursuant to the Arbitration Provision on the reverse side of this contract, you or we may elect to resolve any dispute by neutral, binding arbitration and not by a court action." (Pace Decl. ¶ 4, Ex. A.) The Contract contained an arbitration provision, which appears in a section labeled "ARBITRATION PROVISION " and includes the following pertinent language:
EITHER YOU OR WE MAY CHOOSE TO HAVE ANY DISPUTE BETWEEN US DECIDED BY ARBITRATION AND NOT IN COURT OR BY JURY TRIAL.
...
Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this Arbitration Provision, and the arbitrability of the claim or dispute), between you and us or our employees, agents, successors or assigns, which arises out of or relates to your credit application, purchase or condition of this vehicle, this contract or any resulting transaction or relationship (including any such relationship with third parties who do not sign this contract) shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action.... Any arbitration under this Arbitration Provision shall be governed by the Federal Arbitration Act ( 9 U.S.C. § 1 et[ ] seq.) and not by any state law concerning arbitration. This Arbitration Provision shall survive any termination, payoff or transfer of this contract....
(Pace Decl. ¶ 4, Ex. A.)
On October 20, 2016, Plaintiff filed a Chapter 7 bankruptcy petition. (Compl. ¶ 23; Crooks Decl. ¶ 5.) On January 18, 2017, Plaintiff's debts were successfully discharged in the bankruptcy action. (Compl. ¶¶ 25-26, 30.) Plaintiff did not reaffirm the debt obligation to Defendant. (Crooks Decl. ¶ 7.)
Plaintiff alleges that on March 7, 2017, Defendant "submitted an unauthorized account review credit inquiry to Equifax." (Compl. ¶ 32.) Plaintiff claims the inquiry was unauthorized and illegal because "Defendant was on notice of Plaintiff's discharge and thus, had no reason to pull Plaintiff's credit report." (Id. ¶¶ 34-35.)
On January 31, 2018, Plaintiff filed the present action against Defendant, asserting violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 -92x. Defendant now moves to enforce the arbitration provision in the Contract, which Plaintiff opposes.
II.
LEGAL STANDARD
The Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 et seq. , governs the enforcement of arbitration agreements involving interstate commerce. Am. Express Co. v. Italian Colors Rest. , 570 U.S. 228, 133 S.Ct. 2304, 2308-09, 186 L.Ed.2d 417 (2013). "The overarching purpose of the FAA ... is to ensure the enforcement of *936 arbitration agreements according to their terms so as to facilitate streamlined proceedings." AT & T Mobility LLC v. Concepcion , 563 U.S. 333, 344, 131 S.Ct. 1740, 179 L.Ed.2d 742 (2011). "The FAA 'leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed.' " Kilgore v. KeyBank, Nat. Ass'n , 718 F.3d 1052, 1058 (9th Cir. 2013) (quoting Dean Witter Reynolds, Inc. v. Byrd , 470 U.S. 213, 218, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985) ).
"The standard for demonstrating arbitrability is not a high one; in fact, a district court has little discretion to deny an arbitration motion, since the [FAA] is phrased in mandatory terms." Republic of Nicaragua v. Standard Fruit Co. , 937 F.2d 469, 475 (9th Cir. 1991). "Moreover, the scope of an arbitration clause must be interpreted liberally and 'as a matter of federal law, any doubts concerning the scope of arbitrable disputes should be resolved in favor of arbitration.' " Concat LP v. Unilever, PLC , 350 F.Supp.2d 796, 804 (N.D. Cal. 2004) (quoting Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp. , 460 U.S. 1, 24-25, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983) ). In determining whether to compel arbitration, a court must determine two "gateway" issues: " '(1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue.' " Kilgore v. KeyBank, Nat. Ass'n , 673 F.3d 947, 955-56 (9th Cir. 2012) (quoting Chiron Corp. v. Ortho Diagnostic Sys., Inc. , 207 F.3d 1126, 1130 (9th Cir. 2000) ). If both requirements are satisfied, " 'the [FAA] requires the court to enforce the arbitration agreement in accordance with its terms.' " Id. The burden of proving that the claims at issue are not suitable for arbitration is on the party resisting arbitration. Green Tree Fin. Corp.-Ala. v. Randolph , 531 U.S. 79, 91, 121 S.Ct. 513, 148 L.Ed.2d 373 (2000).
III.
DISCUSSION
A. Delegation of Arbitrability
Plaintiff contends it is the role of this Court to determine the scope of the arbitration provision. Defendant responds the threshold questions of arbitrability must be decided by an arbitrator, not the Court, because the arbitration provision delegates these gateway issues to an arbitrator.
"[P]arties can agree to arbitrate 'gateway' questions of 'arbitrability,' such as whether the parties have agreed to arbitrate or whether their agreement covers a particular controversy." Rent-A-Ctr., West, Inc. v. Jackson , 561 U.S. 63, 68-69, 130 S.Ct. 2772, 177 L.Ed.2d 403 (2010). These gateway issues can be expressly delegated to the arbitrator where "the parties clearly and unmistakably provide otherwise." AT & T Techs., Inc. v. Commc'ns Workers of Am. , 475 U.S. 643, 649, 106 S.Ct. 1415, 89 L.Ed.2d 648 (1986). "Such [c]lear and unmistakable evidence of agreement to arbitrate arbitrability might include ... a course of conduct demonstrating assent ... or ... an express agreement to do so." Momot v. Mastro , 652 F.3d 982, 988 (9th Cir. 2011) (citations and internal quotation marks omitted). For arbitration agreements under the FAA, "the court is to make the arbitrability determination by applying the federal substantive law of arbitrability absent clear and unmistakable evidence that the parties agreed to apply non-federal arbitrability law."[1]
*937 Brennan v. Opus Bank , 796 F.3d 1125, 1129 (9th Cir. 2015) (internal citations and quotation marks omitted).
The Ninth Circuit has held "language 'delegating to the arbitrators the authority to determine the validity or application of any of the provisions of the arbitration clause[ ] constitutes an agreement to arbitrate threshold issues concerning the arbitration agreement.' " Mohamed v. Uber Techs., Inc. , 848 F.3d 1201, 1208 (9th Cir. 2016) (quoting Momot , 652 F.3d at 988 ). Here, the language of the arbitration provision evidences the parties' clear and unmistakable intent to delegate the threshold questions of arbitrability to an arbitrator. The arbitration provision provides, in part, "Any claim or dispute, ... (including the interpretation and the scope of this Arbitration Provision, and the arbitrability of the claim or dispute), ... shall, ... be resolved by neutral, binding arbitration and not by a court action." (Pace Decl. ¶ 4, Ex. A.) Based on the language of the arbitration provision, the Court finds the parties agreed to arbitrate the gateway issues, including whether Plaintiff's FCRA claim is within the scope of the arbitration agreement.[2] See Gadomski v. Wells Fargo Bank N.A. , 281 F.Supp.3d 1015, 1020 (E.D. Cal. 2018) (holding parties agreed to arbitrate gateway issues because the arbitration agreement provides " '[a] claim may include, but shall not be limited to, the issue of whether any particular claim must be submitted to arbitration .' ").
B. "Wholly Groundless" Inquiry
In cases where the parties "clearly and unmistakably intend to delegate the power to decide arbitrability to an arbitrator," the Court's inquiry is "limited ... [to] whether the assertion of arbitrability is 'wholly groundless.' " Qualcomm Inc. v. Nokia Corp. , 466 F.3d 1366, 1371 (Fed. Cir. 2006) (applying Ninth Circuit law) (citing Dream Theater, Inc. v. Dream Theater , 124 Cal. App. 4th 547, 21 Cal.Rptr.3d 322 (Cal. Ct. App. 2004) ). The "wholly groundless" inquiry allows courts to prevent a party from "asserting any claim at all, no matter how divorced from the parties' agreement, to force an arbitration." Id. at 1373 n.5. In conducting this inquiry, a court "should look to the scope of the arbitration clause and the precise issues that the moving party asserts are subject to arbitration." Id. at 1374. "Because any inquiry beyond a 'wholly groundless' test would invade the province of the arbitrator, whose arbitrability judgment the parties agreed to abide by ..., the district court need not, and should not, determine whether [a plaintiff's claims] are in fact arbitrable." Id. If a court finds that the assertion of arbitrability is not "wholly groundless," it should stay the action pending a ruling on arbitrability by the arbitrator. Id. ; see Khraibut v. Chahal , No. C15-04463 CRB, 2016 WL 1070662, at *7 (N.D. Cal. Mar. 18, 2016) ("If ... the assertion of arbitrability is even loosely related to the claims, '[courts] should stay the action pending a ruling on arbitrability by the arbitrator.' ") (quoting Zenelaj v. Handybook Inc. , 82 F.Supp.3d 968, 975 (N.D. Cal. 2015) ).
The arbitration provision is broad, encompassing "[a]ny claim or dispute, ... between you and us ... which arises out of or relates to your credit application, purchase or condition of this vehicle, this contract or any resulting transaction or relationship[.]" (Pace Decl. ¶ 4, Ex. A.) In light of the broad scope of the arbitration, the allegations in the Complaint do not foreclose the possibility the FCRA claim relates *938 to the relationship of the parties giving rise to the arbitration provision. See United Steelworkers of Am. v. Warrior & Gulf Navigation Co. , 363 U.S. 574, 582-83, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960) ("An order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage."). The Court therefore finds Defendant's assertion of arbitrability is not "wholly groundless." See Kin Wah Kung v. Experian Info. Sols., Inc. , No. C 18-00452 WHA, 2018 WL 2021495, at *5 (N.D. Cal. May 1, 2018) (finding motion to compel arbitration was not "wholly groundless" where arbitration clause broadly covered all matters " 'relating in any way to' " the agreement at issue); see also In re: Lithium Ion Batters Antitrust Litig. , No. 13-MD-02420-YGR, 2016 WL 5791357, at *5 (N.D. Cal. Oct. 4, 2016) (Even finding "retroactive application of an arbitration agreement is not 'wholly groundless' where the arbitration provision is broad."). To respect the province of the arbitrator, no opinion is expressed on whether the FCRA claim falls within the scope of the arbitration provision.
C. Enforceability of the Arbitration Provision
Plaintiff opposes the enforcement of the arbitration provision on the basis that the Contract was terminated by her bankruptcy discharge. Specifically, Plaintiff contends the Contract was rescinded and not reaffirmed, and no relationship existed between the parties as a result of her bankruptcy discharge. A bankruptcy discharge, however, "extinguishes only the personal liability of the debtor." Johnson v. Home State Bank , 501 U.S. 78, 83, 111 S.Ct. 2150, 115 L.Ed.2d 66 (citation omitted). While the personal liability for the underlying debt is discharged, many courts have held a bankruptcy discharge does not render a valid arbitration agreement unenforceable. See Delgado v. Ally Fin., Inc. , No. 317CV02189BENJMA, 2018 WL 2128661, at *5 (S.D. Cal. May 8, 2018) ; Gadomski , 281 F.Supp.3d at 1019 ; see also McMahan v. Byrider Sales of Indiana S, LLC , No. 3:17-CV-00064-GNS, 2017 WL 4077013, at *4 (W.D. Ky. Sept. 14, 2017) ; Mann v. Equifax Info. Servs., LLC , No. 12-CV-14097, 2013 WL 3814257, at *3 (E.D. Mich. July 22, 2013) ; Green Tree Servicing, LLC v. Brough , 930 N.E.2d 1238, 1243 (Ind. Ct. App. 2010). In any event, the arbitration provision explicitly provides, "This Arbitration Provision shall survive any termination, payoff or transfer of this contract." Thus, by its express terms, even if the Contract was terminated as a result of Plaintiff's bankruptcy discharge, the arbitration provision survives.
Nevertheless, relying on the Ninth Circuit's decision in In re Eber , 687 F.3d 1123 (9th Cir. 2012), Plaintiff argues the Court should deny the motion because arbitration would preclude her from obtaining the "fresh start" granted by the Bankruptcy Code, thereby creating an inherent conflict between compelling arbitration and the purpose of the Bankruptcy Code. Courts have "the discretion to decline to enforce an otherwise applicable arbitration provision only if the arbitration would conflict with the underlying purpose of the Bankruptcy Code." Id. at 1130 (citation omitted). The Ninth Circuit has made it clear that there is "no evidence in the text of the Bankruptcy Code or in the legislative history suggesting that Congress intended to create an exception to the [Federal Arbitration Act] in the Bankruptcy Code." In re Eber , 687 F.3d at 1129. And the Court finds enforcing the arbitration provision does not conflict with the Bankruptcy Code. The arbitration provision is at issue due to Plaintiff's FCRA claim, not because Defendant is attempting to collect a debt *939 that has been discharged. Moreover, " 'simply enforcing a provision which defines the venue for resolving the instant dispute does not deprive [Plaintiff] of [a] "fresh start" granted by the bankruptcy code.' " Gadomski , 281 F.Supp.3d at 1019 (quoting Mann , 2013 WL 3814257, at *9 ). Accordingly, Plaintiff has failed to show the arbitration provision is unenforceable.
III.
CONCLUSION
For the foregoing reasons, Defendant's motion to compel arbitration is granted. Defendant's request for judicial notice is denied because the documents contained therein were not necessary to the resolution of the present motion. The Court stays the litigation to permit an arbitrator to decide the questions of arbitrability, and then, if permissible, to arbitrate the substantive claim. Within 14 days of the completion of the arbitration proceedings, the parties shall jointly submit a report advising the Court of the outcome of the arbitration, and a request to dismiss the case or vacate the stay.
IT IS SO ORDERED.

Federal law governs the arbitration question because the arbitration provision is covered by the FAA and the parties have not clearly and unmistakably designated that nonfederal arbitrability law applies. See Brennan , 796 F.3d at 1129.

The Court declines to address Plaintiff's other arguments relating to questions of arbitrability because they must be decided by the arbitrator.